---

**COMMONWEALTH OF PENNSYLVANIA v. JEROYD P. <u>CONYERS</u>, Appellant**
**SUPERIOR COURT OF PENNSYLVANIA**
**2017 Pa. Super. Unpub. LEXIS 2318; 174 A.3d 77**
**No. 1165 WDA 2016**
**June 15, 2017, Filed**

---

Notice:

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37 PUBLISHED IN TABLE FORMAT IN THE ATLANTIC REPORTER.

**Editorial Information: Subsequent History**

Decision reached on appeal by, Remanded by Commonwealth v. Conyers, 179 A.3d 570, 2017 Pa. Super. Unpub. LEXIS 3840 (Oct. 17, 2017)

**Editorial Information: Prior History**

Appeal from the Judgment of Sentence July 15, 2016. In the Court of Common Pleas of Butler County. Criminal Division at No(s): CP-10-CR-0000683-2013, CP-10-CR-0000684-2013, CP-10-CR-0000685-2013, CP-10-CR-0000686-2013, CP-10-CR-0001004-2013. Commonwealth v. Conyers, 2015 Pa. Super. LEXIS 886 (Pa. Super. Ct., July 6, 2015)
**Judges:** BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E. MEMORANDUM BY DUBOW, J.

Opinion

Opinion by:          DUBOW

Opinion

MEMORANDUM BY DUBOW, J.:

Appellant, Jeroyd P. Conyers, appeals from the July 15, 2016 Judgment of Sentence.1 As explained *infra*, we remand this case for the PCRA court to conduct a hearing in accordance with ***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121.2

On October 11, 2013, Appellant entered open guilty pleas to five counts of Possession of a Controlled Substance with Intent to Deliver ("PWID")3 and one violation of the Uniform Firearms Act4 on five different dockets. On December 17, 2013, the trial court sentenced Appellant to an aggregate term of 12 to 24 years' incarceration. Appellant did not appeal.

Appellant filed his first PCRA Petition *pro se* on May 27, 2014.5 The PCRA court appointed counsel on June 9, 2014. Counsel filed a ***Turner/Finley*** Letter and Petition to Withdraw.6 The PCRA court permitted counsel to withdraw on January 21, 2015, before it dismissed the May 27, 2014 PCRA Petition on February 13, 2015, without a hearing.

Appellant appealed *pro se*, but this Court dismissed the appeal for failure to file a brief. ***See Commonwealth v. Conyers***, No. 399 WDA 2015, 2015 Pa. Super. LEXIS 886 (Pa. Super. filed July

1 pacases                                    **1**

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

6, 2015).

On August 24, 2015, after this Court dismissed the appeal from the denial of Appellant's first PCRA Petition, the PCRA court reappointed Matthew J. Kalina, Esq., to represent Appellant for PCRA purposes after determining Appellant's PCRA Petition filed *pro se* on February 9, 2015, would be treated as an Amendment to his first PCRA Petition. On October 1, 2015, Appellant filed another *pro se* PCRA Petition, which Attorney Kalina later amended on March 23, 2016, challenging the legality of his mandatory minimum sentences pursuant to ***Alleyne v. United States***, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

By agreement, the PCRA court granted Appellant's PCRA Petition on May 19, 2016. On July 15, 2016, following the resentencing hearing, the trial court altered its sentences imposed on three counts in three of different cases, which resulted in an aggregate sentence of 111/2 to 24 years' incarceration.

Notwithstanding his representation by counsel, Appellant filed a *pro se* Notice of Appeal on August 8, 2016. Curiously, even though Attorney Kalina was still counsel of record, the trial court did not forward Appellant's *pro se* Notice of Appeal to Attorney Kalina. *See* 210 Pa. Code § 65.24 ("Hybrid Representation"). Although the trial court properly docketed the Notice of Appeal in accordance with 210 Pa. Code § 65.24, the trial court failed to forward this *pro se* filing to counsel.

On August 17, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors, but did not serve Appellant's counsel of record. Instead, the court served the Order on Appellant *pro se*. On August 25, 2016, Appellant complied with the trial court's order and filed a *pro se* Pa.R.A.P. 1925(b) Statement of Errors challenging the legality of his new sentence. On November 4, 2016, the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion. The court failed to forward Appellant's Rule 1925(b) Statement and the court's 1925(a) Opinion to counsel. *See **Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032, 1044 (Pa. 2011) (holding that generally "the proper response to any *pro se* pleading is to refer the pleading to counsel[.]").

A timely appeal from a resentencing determination is a direct appeal for which a criminal appellant has a constitutional right to counsel. *See **Commonwealth v. Figueroa***, 2011 PA Super 209, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011) ("defendants in Pennsylvania are constitutionally entitled to counsel during a direct appeal."); *see also **Commonwealth v. Harclerode***, 2001 PA Super 36, 768 A.2d 1132 (Pa. Super. 2001) (entertaining timely direct appeal of new judgment of sentence imposed after resentencing hearing following grant of PCRA relief based on illegal life sentence).

Our review of the certified record shows that Attorney Kalina remains court-appointed in the instant matters, as he has not withdrawn or attempted to withdraw in the trial court or in this Court by complying with the dictates of ***Turner/Finley*** or ***Anders/Santiago***.7 *See also* Pa.R.Crim.P. 122(B)(2) ("When counsel is appointed . . . the appointment shall be effective until final judgment, including any proceedings upon direct appeal.").

"When a waiver of the right to counsel is sought at the . . . appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." ***Grazier***, 713 A.2d at 82.

Although there are indications in the certified record that Appellant may desire to proceed *pro se*,8 the rules of criminal procedure and our case law nevertheless require a full colloquy prior to allowing an appellant to proceed *pro se* if counsel of record has not sought to withdraw. *See* Pa.R.Crim.P. 121(A); ***Grazier, supra***.

Because the resentencing court did not conduct a ***Grazier*** hearing prior to Appellant proceeding *pro se* on appeal, we must remand to the trial court for a ***Grazier*** hearing. The trial court is to conduct a

1pacases                                          2

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*Grazier* hearing within thirty days.

If Attorney Kalina remains as counsel of record, or if new counsel enters his or her appearance after a determination that Attorney Kalina has abandoned Appellant, then we direct our Prothonotary to set a new briefing schedule. The trial court shall also permit Attorney Kalina or newly appointed counsel to file a new Pa.R.A.P. 1925(b) Statement of Errors, and shall then submit a responsive Pa.R.A.P. 1925(a) Opinion. __

In the event Appellant proceeds *pro se*, the trial court is directed to file a new Pa.R.A.P. 1925(a) Opinion.9

If Appellant wishes to proceed *pro se*, then no new briefing schedule is required.

Case remanded with instructions. Panel jurisdiction retained.

### Footnotes

1

Appellant purports to appeal from the July 15, 2016 PCRA Order. The PCRA court granted Appellant's PCRA Petition on May 19, 2016. The PCRA court then resentenced Appellant on July 15, 2016. Appellant's *pro se* Brief challenges his new Judgment of Sentence in the form of a direct appeal rather than an appeal from the PCRA Order. We have changed the caption accordingly.
2

We raise the issue of the need for a *Grazier* hearing and a Pa.R.Crim.P. 121 colloquy *sua sponte*. *Commonwealth v. Stossel*, 2011 PA Super 79, 17 A.3d 1286, 1290 (Pa. Super. 2011).
3

35 P.S. § 780-113(a)(30).
4

18 Pa.C.S. § 6105.
5

Appellant also filed a *pro se* PCRA Petition on November 13, 2014, and again on February 9, 2015.
6

*Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).
7

*Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (Pa. 2009).
8

For example, Appellant has filed a *pro se* Brief without the assistance of counsel, and the docket entries indicate Appellant is proceeding *pro se*.
9

The trial court's November 7, 2016 Orders conclude that Appellant's appeal pertained solely to docket No. CP-10-CR-0000683-2013 so it would "take no action with regard" to the other four cases. Contrary to the trial court's conclusion, our review of the certified record and Appellant's Notice of Appeal plainly shows that Appellant appealed from all five cases, and the docket entry for Appellant's

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Notice of Appeal clearly identifies all five cases. Notice of Appeal, filed 8/10/16. Accordingly, the trial court shall review the new sentences imposed on each case in its new 1925(a) Opinion in response to Appellant's sentencing challenge.

1pacases                                              4

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

> **COMMONWEALTH OF PENNSYLVANIA v. JEROYD P. <u>CONYERS</u>, Appellant**
> **SUPERIOR COURT OF PENNSYLVANIA**
> **2017 Pa. Super. Unpub. LEXIS 3840; 179 A.3d 570**
> **No. 1165 WDA 2016**
> **October 17, 2017, Decided**
> **October 17, 2017, Filed**

**Notice:**

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37PUBLISHED IN TABLE FORMAT IN THE ATLANTIC REPORTER.**

**Editorial Information: Prior History**

Appeal from the Judgment of Sentence July 15, 2016. In the Court of Common Pleas of Butler County. Criminal Division at No(s): CP-10-CR-0000683-2013, CP-10-CR-0000684-2013, CP-10-CR-0000685-2013, CP-10-CR-0000686-2013, CP-10-CR-0001004-2013.
**Judges:** BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E. MEMORANDUM BY DUBOW, J.

Opinion

Opinion by:          DUBOW

Opinion

MEMORANDUM BY DUBOW, J.:

Appellant, Jeroyd P. Conyers, appeals from the July 15, 2016 Judgments of Sentence entered in the Butler County Court of Common Pleas.1 After careful review, we vacate the Judgments of Sentence and remand for resentencing.

On October 11, 2013, Appellant entered open guilty pleas to five counts of Possession of a Controlled Substance with Intent to Deliver ("PWID")2 and one violation of the Uniform Firearms Act.3 The charges were spread over five different dockets. On December 17, 2013, the trial court sentenced Appellant to an aggregate term of 12 to 24 years' incarceration. Appellant did not appeal.

Appellant filed his first PCRA Petition *pro se* on May 27, 2014. The PCRA court appointed counsel on June 9, 2014. Appellant also filed a *pro se* PCRA Petition on November 13, 2014. Counsel filed a **Turner/Finley**4 Letter and Petition to Withdraw on November 26, 2014. The PCRA court permitted counsel to withdraw on January 21, 2015. Appellant filed a *pro se* Petition on February 9, 2015. On February 13, 2015, the court dismissed the May 27, 2014 PCRA Petition without a hearing.

Appellant appealed *pro se*, but this Court dismissed the appeal for failure to file a brief. **See Commonwealth v. Conyers**, No. 399 WDA 2015, 2015 Pa. Super. LEXIS 886 (Pa. Super. filed July 6, 2015).

On August 24, 2015, after this Court dismissed the appeal from the denial of Appellant's first PCRA Petition, the PCRA court re-appointed Matthew J. Kalina, Esq., to represent Appellant for PCRA

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

purposes after determining Appellant's PCRA Petition filed *pro se* on February 9, 2015, would be treated as an Amendment to his first PCRA Petition. On October 1, 2015, Appellant filed another *pro se* PCRA Petition, which Attorney Kalina later amended on March 23, 2016, challenging the legality of his mandatory minimum sentences pursuant to ***Alleyne v. United States***, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

By agreement, the PCRA court granted Appellant's PCRA Petition on May 19, 2016. On July 15, 2016, following the resentencing hearing, the trial court altered its sentences imposed on three counts in three of the five cases, which resulted in an aggregate sentence of 11 1/2 to 24 years' incarceration.

Notwithstanding his representation by counsel, Appellant filed a *pro se* Notice of Appeal on August 8, 2016, listing all five criminal dockets. Curiously, even though Attorney Kalina was still counsel of record, the trial court did not forward Appellant's *pro se* Notice of Appeal to Attorney Kalina. ***See Commonwealth v. Jette***, 611 Pa. 166, 23 A.3d 1032, 1044 (Pa. 2011) (holding that generally "the proper response to any *pro se* pleading is to refer the pleading to counsel[.]"). The court did properly docket the Notice of Appeal in accordance with 210 Pa. Code § 65.24.

On August 17, 2016, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement of Errors, but did not serve Appellant's counsel of record. Instead, the court served the Order on Appellant *pro se*. On August 25, 2016, Appellant complied with the trial court's Order and filed a *pro se* Pa.R.A.P. 1925(b) Statement of Errors challenging the legality of his new sentence. On November 4, 2016, the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion addressing only one docket. The trial court did not forward Appellant's Rule 1925(b) Statement and the court's 1925(a) Opinion to counsel as required by 210 Pa. Code § 65.24 ("Hybrid Representation").

On June 15, 2017, this Court remanded to the trial court for a ***Grazier***5 hearing. On remand, the trial court conducted a ***Grazier*** hearing and permitted Appellant to proceed *pro se* on appeal. In accordance with our remand order, the trial court filed a new Pa.R.A.P. 1925(a) Opinion addressing the sentences imposed on all five dockets listed in Appellant's Notice of Appeal.6 ***See*** Trial Court Opinion, 9/1/17, at 1-3.

Appellant presents three issues for our review:

> [1.] Is appellant entitled to be resentenced inasfar as the PCRA court erred in encroaching [A]ppellant's plea deal when it initially promised consideration for a downward departure in sentencing in return for said plea deal not to go to trial?

> [2.] Is Appellant entitled to be resentenced again inasfar as the PCRA court erred in its misapplication of *[Alleyne]* when it rendered its manifestly unreasonable sentence on July 15, 2016; resentencing [A]ppellant from 12-24 years to 11 1/2 to 24 years in removal of its mandatory minimums?

> [3.] Is [A]ppellant entitled to be resentenced inasfar as the PCRA [c]ourt disturbed sentence associated with case number CP-684-2013 to raise the ceiling on the sentencing range to enhance [A]ppellant's sentence as close to the original sentence with mandatory minimums of December 17, 2013's sentence therewith?Appellant's Brief at 5 (reordered for convenience).

In his first issue on appeal, Appellant argues that he was denied the benefit of his original plea agreement, which provided that he "would receive a downward departure from the [sentencing] guidelines[.]" Appellant's Brief at 14.

"When interpreting the terms of a plea agreement, we apply general contract principles." ***Commonwealth v. Herbert***, 2014 PA Super 18, 85 A.3d 558, 562 (Pa. Super. 2014). This first issue is entirely a question of law, thus, our scope of review is plenary and our standard of review is *de*

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

*novo. **Commonwealth v. Martinez**, 637 Pa. 208, 147 A.3d 517, 530 (Pa. 2016).*

Pennsylvania Rule of Criminal Procedure 590 governs guilty pleas and plea agreements, and states in relevant part:

> (1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.

> (2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.Pa.R.Crim.P. 590(B).

"Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement." **Commonwealth v. Anderson**, 2010 PA Super 64, 995 A.2d 1184, 1191 (Pa. Super. 2010). "There is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea." *Id.* (citation omitted).

We look to the totality of the surrounding circumstances and what the parties reasonably understood as the terms of the agreement when determining whether the Commonwealth has breached a plea agreement. Most relevant here, "[i]n an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges." **Commonwealth v. White**, 2001 PA Super 356, 787 A.2d 1088, 1089 n.1 (Pa. Super. 2001) (citation omitted).

There is no support in the record for Appellant's bald assertion that the Commonwealth agreed to a "downward departure" as part of Appellant's original plea agreement on October 11, 2013. The certified record contains the original written guilty plea colloquies and accompanying documents that Appellant signed at the time of his guilty pleas. Contrary to Appellant's unsupported averment, these documents clearly show Appellant entered an open guilty plea. The attached paperwork indicates, *inter alia*, the possible maximum sentences and fines that could be imposed, while stating exactly which charges the Commonwealth would *nolle pros* as part of Appellant's guilty plea. The written plea colloquies do not state any particular sentencing recommendation. The transcript from Appellant's December 17, 2013 sentencing hearing confirms the accuracy of these written documents.7

Thus, Appellant's first claim lacks merit and he is not entitled to any relief related to the terms of his open guilty plea.

In his remaining issues, Appellant challenges the legality of his mandatory minimum sentences, pursuant to **Alleyne v. United States**, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Appellant's claims "implicate the legality of a sentence and such issues cannot be waived." **Commonwealth v. Dickson**, 591 Pa. 364, 918 A.2d 95, 99 (Pa. 2007). Moreover, this Court may raise legality issues *sua sponte*." *See, e.g.*, **Commonwealth v. Foster**, 609 Pa. 502, 17 A.3d 332, 342 (Pa. 2011).

In **Alleyne**, the U.S. Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2160-61.

In its September 1, 2017 Rule 1925(a) Opinion, the trial court conceded that Appellant is serving at least one illegal sentence, a mandatory minimum sentence, imposed at docket No.

1pacases                                              3

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

CP-10-CR-0000686-2013, of 36 to 72 months' incarceration. Trial Court Opinion, dated 9/1/17, at 2-3. The trial court also acknowledged two additional errors related to Appellant's resentencing. *Id.* As a result, the trial court requested that this Court "remand these cases to the Court of Common Pleas for resentencing." *Id.* at 3.

Based on our review of the certified record in this case, we agree that remand is appropriate to provide the trial court with the opportunity to rectify several errors at a resentencing hearing on all five dockets, consistent with the dictates of *Alleyne* and its progeny.

Judgments of Sentence vacated. Cases remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Date: 10/17/2017

## Footnotes

1

Appellant purports to appeal from the July 15, 2016 PCRA Order. The PCRA court granted Appellant's PCRA Petition on May 19, 2016. The PCRA court then resentenced Appellant on July 15, 2016. Appellant's *pro se* Brief challenges his new Judgments of Sentence in the form of a direct appeal rather than an appeal from the PCRA Order. We have changed the caption accordingly.

2

35 P.S. § 780-113(a)(30).

3

18 Pa.C.S. § 6105.

4

*Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

5

*Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (Pa. 1998).

6

In its November 4, 2016 Rule 1925(a) Opinion, the trial court had concluded that Appellant's appeal pertained solely to docket No. CP-10-CR-0000683-2013 so it would "take no action with regard" to the other four cases. Contrary to the trial court's conclusion, the certified record and Appellant's Notice of Appeal plainly show that Appellant appealed from all five cases, and the docket entry for Appellant's Notice of Appeal clearly identified all five cases. *See* Notice of Appeal, filed 8/10/16. Hence, our request to the PCRA court for a new Rule 1925(a) Opinion.

7

We note that the certified record does not contain the transcript from Appellant's October 11, 2013 open guilty plea hearing. The Pennsylvania Supreme Court has previously observed that "[t]he Rules of Appellate Procedure place the burden on the appellant to ensure that the record contains what is necessary to effectuate appellate review, and they provide procedures to address gaps or oversights in the compilation and transmission of the record." *Commonwealth v. Powell*, 598 Pa. 224, 956 A.2d 406, 423 (Pa. 2008).

1pacases                                        4

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

lpacases                                        5

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

COMMONWEALTH OF PENNSYLVANIA v. JEROYD P. <u>CONYERS</u>, Appellant.
SUPERIOR COURT OF PENNSYLVANIA
2019 Pa. Super. Unpub. LEXIS 924
No. 388 WDA 2018
March 15, 2019, Decided
March 15, 2019, Filed

**Notice:**

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

**Editorial Information: Prior History**

Appeal from the Judgment of Sentence, February 12, 2018, in the Court of Common Pleas of Butler County, Criminal Division at No(s): CP-10-CR-0000683-2013, CP-10-CR-0000684-2013, CP-10-CR-0000685-2013, CP-10-CR-0000686-2013, CP-10-CR-0001004-2013.Commonwealth v. Conyers, 2015 Pa. Super. LEXIS 886 (Pa. Super. Ct., July 6, 2015)
**Judges:** BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J. MEMORANDUM BY KUNSELMAN, J.

**Opinion**

**Opinion by:**        KUNSELMAN

**Opinion**

MEMORANDUM BY KUNSELMAN, J.:

Jeroyd P. Conyers appeals *pro se* from the judgment of sentence imposed after he entered guilty pleas to drug offenses and a firearm violation on five separate criminal dockets. We affirm.

This case has a long, complicated history, which has resulted in multiple appeals to this Court. We have summarized the relevant details as follows:

In 2013, Conyers entered open guilty pleas on five dockets for various drug and firearm violations. The trial court originally imposed an aggregate sentence of 12 to 24 years of incarceration. Conyers did not file an appeal.

In 2014, Conyers filed a timely PCRA petition.[1] The PCRA court dismissed this petition and this Court affirmed the dismissal. In a subsequent *pro se* PCRA petition, Conyers challenged the legality of his sentence under ***Alleyne v. United States***, 570 U.S. 99, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). By agreement, the PCRA court granted this petition and, in 2016, resentenced Conyers to an aggregate 11 1/2 to 24 years of incarceration.

Conyers filed a *pro se* appeal even though counsel still represented him at that time. Eventually, this Court remanded for a ***Grazier*** hearing.[2] Following the remand, the trial court held the ***Grazier*** hearing, and the trial court permitted Conyers to proceed *pro se*. In addition, the court filed a Pa.R.A.P. 1925(a) opinion, addressing the sentences imposed on all five dockets.

1 pacases                                    1

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

In 2017, this Court decided Conyers' appeal from his 2016 sentence, and found merit to his legality of sentence claims. In that decision, we noted:

> In its September 1, 2017 Rule 1925(a) Opinion, the trial court conceded that [Conyers] is serving at least one illegal sentence, a mandatory minimum sentence, imposed at No. CP-10-CR-0000686-2013, of 36 to 72 months' incarceration. Trial Court Opinion, dated 9/1/17, at 2-3. The trial court also acknowledged two additional errors related to [Conyers'] resentencing. *Id.* As a result, the trial court requested that this Court "remand these cases to the Court of Common Pleas for resentencing." *Id.* at 3. *Conyers*, unpublished memorandum at 8. We agreed that remand was appropriate "to provide the trial court with the opportunity to rectify several errors at a resentencing hearing on all five dockets, consistent with the dictates of *Alleyne* and its progeny." *Id.* The panel thus vacated Conyers' judgments of sentence and remanded for resentencing. *Id.*

The trial court held a new sentencing hearing on February 12, 2018. At the beginning of the 2018 proceeding, the trial court acknowledged that, at Conyers' 2016 resentencing, it "frankly got some of the numbers mixed up and didn't appropriately sentence him." N.T., 2/12/18, at 3. The court stated its intention to sentence within the standard range of the guidelines at each docket. *Id.*

The trial court then asked Conyers' counsel, whom the court had previously appointed as Conyers' PCRA counsel, if he wished to present any additional information. *Id.* Counsel requested the sentencing memorandum that had been prepared when Conyers was originally sentenced in 2013 be incorporated into the record. Conyers, via video conference, then testified and gave the court an update as to programs and classes he had completed or was waiting to attend while incarcerated. *See* N.T., 2/12/18, at 4. When asked by the trial court, the Commonwealth stated that it had nothing to add. *Id.*

The trial court then imposed the following new sentences:

> THE COURT: Okay. Well, let's start with 683 of 2013. It's a count of possession with intent to deliver. And I believe the initial sentence we'll resentence now. Cost of prosecution. Fine of $30,000. Undergo imprisonment of not less than 21 months nor more than 42 months with the Bureau of Corrections. You'll receive credit for time served as allowed by law. And this sentence is consecutive with any other sentence.
>
> And the next sentence is 684 of 2013. That's [a] charge of delivery of a controlled substance. The standard guideline range for this sentence is 12 to 18 months minimum. So, the sentence of the Court in this case is cost[s] of prosecution. $250 fine. Undergo imprisonment not less than 12 months nor more than 24 months with the Bureau of Corrections. Credit for time served as allowed by law. And this sentence will be concurrent with any other sentence.
>
> And the next one is 685 of 2013. Delivery of a controlled substance. Standard guideline range for this case is a minimum of 12 to 18 months. The sentence the Court will issue is cost[s] of prosecution. $250 fine. Undergo imprisonment of not less than 12 months nor more than 24 months with the Bureau of Corrections. Credit for time served as allowed by law. This sentence is concurrent with any other sentence.
>
> The next sentence is 686 of 2013. Delivery of a controlled substance. The guidelines for this sentence is 18 to 36 months. And the sentence of the Court will be costs of prosecution. $10,000 fine. Undergo imprisonment not less than 18 nor more than 36 months with the Bureau of Corrections. Credit for time served as allowed by law. And this will be consecutive with any other sentence.
>
> And then the final case is 1004 of 2013. That's a former convict not to own a firearm. The

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

guidelines are a minimum sentence of 42-54 months. The sentence at count one, cost[s] of prosecution. $100 fine. [42] to 84 months at the Bureau of Corrections. Count two is possession with intent to deliver. The guidelines for this case is a minimum of 42 months to 54 months. The sentence of the Court will be cost[s] of prosecution. A fine of $100. Undergo imprisonment not less than 54 months nor more than 100 months with the Bureau of Corrections. And that will be consecutive to any other sentence.

So the aggregate sentence today that [Conyers] will be getting will be a minimum of 135 months [( 111¼ years)] to [a] maximum of 270 months [(22 1/2 years)]. And then parole jurisdiction is with the Pennsylvania Bureau of Probation and Parole. And following sentence you would have 30 days to file an appeal to the Superior Court.N.T., 2/12/18, at 5-6 (paragraph breaks added). Upon the court's inquiry, the parties had nothing to add, and the resentencing proceeding concluded. *Id.* at 6.

This timely *pro se* appeal followed.3 Both Conyers and the trial court have complied with Pa.R.A.P. 1925. Conyers raises the following three issues in his brief:

1. Is Conyers entitled to be resentenced again insofar as the sentences imposed on February 12, 2018 failed to comport with the Superior Court's directives of October 17, 2017 with respect to sentencing Conyers in consonance with *Alleyne* and its progeny; and Pa.R.Crim.P. 590(B); whereas the extra five years is in contravention by elevation of the floor by 5 years and the ceiling by two years?

2. Is Conyers entitled to be resentenced again insofar as he was not physically present (*in personam*) at sentencing, diverting paperwork to prior counsel; Conyers' due process rights were curtailed by not being able to be present at all stages of trial, and to act *pro se* as court ordered by the trial court?

3. Is Conyers entitled to be resentenced again insofar as the trial court's sentencing orders are abstruse and do not reflect the verbal sentence via video conference by the trial court; whereas the Court's statement of time to be served by Conyers?*See* Conyers' Brief at 7.4 Conyers' supporting arguments are not the model of clarity. Nevertheless, to the extent possible, we will discuss each of Conyers' sentencing claims individually.

In his first issue, Conyers challenges the legality of his 2018 sentence. "When we address the legality of a sentence, our standard of review is plenary and is limited to determining whether the trial court erred as a matter of law." *Commonwealth v. Bowers*, 2011 PA Super 135, 25 A.3d 349, 352 (Pa. Super. 2011) (citation omitted). "A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court has jurisdiction." *Id.* "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.*

Here, the trial court rejected Conyers' legality challenge:

At the hearing, on February 12, 2018, the trial court addressed each one of [Conyers'] five (5) cases, rectified several sentencing errors and sentenced in accordance with the October 17, 2017 Superior Court directive. Therefore, there being no merit to [Conyers'] claim that his sentence is illegal, this issue should be dismissed.Trial Court Opinion, 11/14/18, at 1. Our review of the sentencing transcript supports the trial court's conclusion.

In his argument in support of his first issue, Conyers does not specify sufficiently how his 2018 aggregate sentence was increased by five years on the minimum ("the floor") and by two years on the maximum ("the ceiling"). These increases are not evident from our review of the record. We believe

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

he is simply mistaken about these numbers; alternatively, we find he has failed to adequately develop his argument.

As noted above, at the resentencing hearing, the trial court stated its intention to impose a standard range sentence at each count, without any mention of a mandatory minimum that was invalidated by the appellate cases applying the *Alleyne* decision to Pennsylvania's sentencing statutes. Further, to the extent Conyers believes the the trial court's changing certain sentences from concurrent to consecutive renders his sentence illegal under *Alleyne* and its Pennsylvania progeny, he is mistaken. *See* Conyer's Brief at 12 n.2.; 14 n.6. Indeed, Conyers' new aggregate minimum sentence is 3/4 of a year lower than the aggregate minimum sentence the trial court originally imposed in 2013.5 Moreover, Conyers' 2018 standard-range aggregate sentence clearly falls within the potential statutory maximum Conyers faced for his crimes, that is, an aggregate 160 years. *See* Guilty Plea Colloquy, 10/11/13, at 1. Conyers first claim of error fails.

In his second issue, Conyers asserts that his due process rights were violated when he physically was not present at the 2018 resentencing hearing, and only testified by video conference. The trial court found no merit to this claim:

> At the February 12, 2018 hearing, [Conyers] appeared via video. The scheduling order dated January 30, 2018 and docketed on February 7, 2018 states that "[c]ourt administration shall determine if [Conyers] wishes to be resentenced via video." The transcript of the February 12, 2018 hearing fails to indicate anywhere that [Conyers] and/or his counsel objected to appearing at [the] hearing via video. Therefore, as this issue, was not raised below, it was not preserved for appeal and must fail. Trial Court Opinion, 11/14/18, at 1. We agree that this issue is not properly before us. *See generally*, Pa.R.A.P. 302(a). Further, Conyers cites no authority for the proposition that appearance by video conference-when he fails to object-nevertheless violates his due process rights.6 *See generally* Pa.R.Crim.P. 119. Thus, Conyers' second issue entitles him to no relief.

In his final issue, Conyers states that the above sentencing order is "abstruse," that is, difficult to understand, insofar as his award of credit for time served. *See* Conyers' Brief at 18-20. In support, he references certain exhibits he attached to his brief from the Pennsylvania Department of Corrections. As these documents do not appear in the certified record, we cannot consider them. *See generally, Commonwealth v. Kennedy*, 2016 PA Super 273, 151 A.3d 1117 (Pa. Super. 2016). Moreover, our review of the record confirms the trial court's statement that "[t]he sentencing orders generated at [the] hearing accurately and clearly reflect what the trial court stated at the hearing." Trial Court Opinion, 11/14/18, at 1.7

More specifically, when imposing a new sentence at each docket, the trial court stated that Conyers was "entitled to credit for time served as allowed by law." To the extent Conyers disagrees with the Department of Corrections' calculation of credit for time served, the trial court has no authority to grant relief. Rather, the only procedural avenue by which a criminal defendant can pursue a claim alleging that the Department of Corrections miscalculated his credit for time served is by filing a separate lawsuit in Commonwealth Court. *See generally, Commonwealth v. Wyatt*, 2015 PA Super 96, 115 A.3d 876 (Pa. Super. 2015).

Having found no merit to any sentencing issue raised by Conyers, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Date: 3/15/2019

lpacases                                                    4

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**Footnotes**

1

Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.

2

***Commonwealth v. Grazier***, 552 Pa. 9, 713 A.2d 81 (Pa. 1998).

3

On or about March 14, 2018, Conyers filed his single notice of appeal that included all five-docket numbers. Thus, our Supreme Court's decision in ***Commonwealth v. Walker***, which was decided on June 1, 2018, and prospectively requires separate notices of appeal for each docket, is inapplicable, and does not bar his appeal.

4

The Commonwealth did not file a brief. In addition, in its original Rule 1925(a) opinion, the trial court opined that it could not address Conyers' claims because he failed to request preparation of the 2018 resentencing transcript. Our review of the docket revealed that Conyers did so, and the 2018 transcript now appears in the certified record. In addition, the trial court has prepared a supplemental Rule 1925(a) opinion, which briefly addresses each issue enumerated above.

5

To the extent that Conyers references Pa.R.Crim.P. 590 and infers that his new aggregate sentence violates his plea agreement, this Court, in ***Conyers, supra***, has already determined that Conyers entered open pleas at the five dockets with no promises regarding sentencing. ***See Conyers, infra***.

In addition, although Conyers argues an "appearance of reprisal" he does not properly develop this claim. ***See*** Conyers' Brief at 10; 18 n.10. Thus, we will not consider it further. ***See Commonwealth v. Hardy***, 2007 PA Super 48, 918 A.2d 766, 771 (Pa. Super 2007) (stating, "[t]his court will not act as counsel and will not develop arguments on behalf of an appellant"). The same holds true for Conyers' claim regarding the use of his prior convictions. ***See*** Conyers' Brief at 13 n.4.

6

Given his failure to object to appearing by video conference, we find no merit to his claim regarding the presence of counsel.

7

In a final footnote, Conyers' raises a merger issue, claiming that all of the underlying dockets arose from the "same event." Conyers' Brief at 20 n.12. We will not consider this undeveloped argument. ***Hardy, supra***.

1pacases                                       5

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.